IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CONTESSA CLARK MCCLOUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-132-RAH-SMD |
| | ) | |
| DENIS MCDONOUGH and CENTRAL | ) | |
| ALABAMA HEALTH CARE VA, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Pro se plaintiff Contessa McCloud ("McCloud") filed a civil rights complaint (Doc. 1) against Denis McDonough, United States Secretary of Veterans Affairs, and Central Alabama Health Care VA. McCloud moved to proceed *in forma pauperis*, and the undersigned granted her request. *See* Mot. (Doc. 2); Order (Doc. 4). Therefore, McCloud's complaint is before the Court for review under 28 U.S.C. § 1915(e). As explained below, the undersigned recommends that McCloud's complaint be dismissed without opportunity to amend, as the complaint is duplicative of another pending lawsuit she has filed in this Court.

## I.   MCCLOUD'S COMPLAINT

Although McCloud's complaint is not a model of clarity, it appears to arise out of a series of employment-related disputes with the Central Alabama VA Medical Center, where she has worked since November 2009. Compl. (Doc. 1) p. 3. As best the undersigned can tell, McCloud alleges, *inter alia*, that she experienced workplace harassment,

workplace sexual harassment, and workplace injury, and that her requests for reasonable accommodations were denied. *See id.* pp. 3-8.

Although McCloud's complaint does not include specific claims, it sets forth the relief she seeks. Specifically, McCloud seeks (1) to limit the length of her shifts; (2) compensation for pain and suffering; (3) punitive damages; (4) payment for current and future foot- and back-related medical bills; (5) court costs and legal fees; (6) one day off work per month for medical treatment; and (7) for Dr. Adetuyi to "leave [her] alone and not to hack [her] personal phone anymore." *Id.* at 10.

## II.    JURISDICTION

Federal courts have jurisdiction to hear two general types of cases: (1) cases that arise under federal law, 28 U.S.C. § 1331, and (2) cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Courts presume that causes of action "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

McCloud's complaint—which alleges employment-related disputes and discrimination—arises under Title VII. As such, this Court has subject matter jurisdiction over the complaint pursuant to its federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III.   SECTION 1915 REVIEW

Twenty-eight U.S.C. § 1915(e)(2)(B) instructs a court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails

to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." When a complaint merely "duplicates allegations of another pending federal lawsuit by the same plaintiff," it is frivolous. *See Lietzke v. City of Montgomery, AL*, 2023 WL 3237418, at *7 (M.D. Ala. May 3, 2023) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)). "[I]f the complaint is frivolous or the amended complaint would otherwise be subject to dismissal, an opportunity to amend is not required." *Id.* at *2.

## IV.   ANALYSIS

"It is well established that 'as between federal district courts, . . . the general principle is to avoid duplicative litigation.'" *I.A. Durbin, Inc. v. Jefferson Nat. Bank*, 793 F.2d 1541, 1551 (11th Cir. 1986) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). "Although no precise test has been articulated for making this determination, the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *Id.* (citation omitted). "Trial courts are afforded broad discretion in determining whether to stay or dismiss litigation in order to avoid duplicating a proceeding already pending in another federal court." *Id.* at 1551-52.

McCloud's complaint—which totals 1,365 pages with exhibits—is duplicative of an already-pending action that she filed, making it frivolous and warranting dismissal. Indeed, McCloud's complaint is almost identical to the third amended complaint she filed in *McCloud v. Central Alabama Health Care VA and Denis McDonough*, 3:23-cv-402-

ECM-CWB, which is pending before this Court.[1] Because this lawsuit is duplicative of McCloud's other case, it is frivolous. Accordingly, the complaint should be dismissed without an opportunity to amend.[2]

## V.    CONCLUSION

For these reasons, it is the

RECOMMENDATION of the undersigned United States Magistrate Judge that McCloud's complaint (Doc. 1) be DISMISSED without opportunity to amend. It is further

ORDERED that McCloud shall file any objections to this Recommendation on or before April 17, 2024. McCloud must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar McCloud from a de novo determination by the District Court

---

[1] There are some minor differences between McCloud's complaint in the present case and the third amended complaint she filed in her other case. However, these differences are minimal and of no substance. For instance, McCloud describes the contents of the third attachment to each of her complaints somewhat differently. *Compare* Compl. (Doc. 1) p. 8, *with* 3:23-cv-402-ECM-CWB, 3d Am. Compl. (Doc. 51) p. 7. McCloud also listed a twenty-fourth attachment in her other pending case, which she does not list here. 3:23-cv-402-ECM-CWB, 3d Am. Compl. (Doc. 51) p. 9 (describing attachment twenty-four as "[m]y VA Civilian Leave and Earnings Statements with pay dates from 03/03/2023 until 02/16/2024").

[2] *See, e.g.*, *Daker v. Ward*, 999 F.3d 1300, 1308, 1308 n.7 (11th Cir. 2021) (agreeing with the Fifth, Eighth, Tenth, and District of Columbia Circuits that "a plaintiff's duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious under the PLRA," including § 1915A(b)(1) and "its corollary, § 1915(e)(2)(B)"); *Lietzke*, 2023 WL 3237418, at *2 (stating that an opportunity to amend a frivolous complaint is not required); *Tennyson v. Citigroup*, 2013 WL 12388537, at *2 (M.D. Fla. Apr. 22, 2013) ("A duplicative complaint that is filed by a plaintiff proceeding in forma pauperis may be dismissed."); *Verner-Buchowski v. Beary*, 2009 WL 4730544, *1 (M.D. Fla. Dec. 7, 2009) (28 U.S.C. § 1915A(b) review of pro se prisoner complaint brought under 42 U.S.C. § 1983) ("Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. section 1915 as malicious.").

of legal and factual issues covered in the Recommendation and waives the right of McCloud to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 3rd day of April, 2024.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE